IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                              Case No. 3:05CR772

        Plaintiff

v.                                                     ORDER

Eloy Perez,

        Defendant

This is a criminal case in which the defendant has filed two motions to dismiss and a motion to suppress. For the reasons that follow, the motions to dismiss shall be overruled and the motion to suppress shall be scheduled for a hearing on the issue of the lawfulness of an alleged warrantless entry; the motion to suppress shall otherwise be overruled.

### A. Motion to Suppress

The defendant is charged with unlawful possession of firearms. Toledo, Ohio, police officers found the weapons while executing a search warrant at the defendant's residence.

### 1. Unlawful Entry

The defendant claims that the warrant was based on observations made during an unlawful entry into the residence. According to the defendant, he had been arrested on the porch of his house, then forced to enter into the residence with the officers, who conducted a search of the premises.

Based on what they saw, the officers sought and obtained a search warrant, which they later executed.

The defendant's motion to suppress demands a *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154 (1978). On review of the motion and its allegations, I agree with the government that, thus far, no adequate basis has been shown that the affiant made deliberately false or recklessly misleading statements. *Id*. at 156-57.

But, in view of the defendant's contentions that information contained in the warrant resulted from an unlawful entry and search, I conclude that a hearing is necessary to determine the circumstances under which an initial, pre-warrant search occurred, whether such search was lawful, and, if not, whether information gained from that search was material to the probable cause allegations in the affidavit.

## 2. Probable Cause

The defendant contends that the showing of probable cause in the affidavit was insufficient, as well as tainted by the observations during the initial search. If the initial search was lawful, the information obtained during that search sufficed to show probable cause.

The officers claimed they smelled marijuana. The defendant disputes their ability to do so, but that is not a sufficient basis for finding that they did not do so, or holding a *Franks* hearing. *Id*. at 171. A smell of marijuana provides probable cause to believe that marijuana is at hand. *United States v. Koger*, 2005 WL 2293480, *2 (6th Cir.); *United States v. Foster*, 376 F.3d 577, 588 (6th Cir. 2004).

The defendant claims that the affiant had no basis for his contention that the defendant's installation of a video monitoring system was suggestive of drug trafficking. The mere conclusory

2

statement of an officer does not make that statement false, or give rise to a *Franks* hearing. *Franks*, 438 U.S. at 171 (holding that conclusory statements are not grounds for challenging the veracity of an affidavit because "the challenger's attack must be more than conclusory"); *see also Ornelas v. United States*, 517 U.S. 690, 699 (1996) (stating that "a police officer may draw inferences based on his own experience in deciding whether probable cause exists"). In any event, there is nothing so inherently implausible in that assertion that casts doubt on the probable cause showing in the affidavit.

### 3. Failure to Make a Return

The defendant claims that the officers never made a return on the warrant, as required by Ohio R. Crim. P. 41. The government does not contest this allegation.

Suppression is generally available only for violations of the Fourth Amendment. *United States v. Ware*, 161 F.3d 414, 424-25 (6th Cir.1998) (stating that "[s]tatutory violations, absent any underlying constitutional violations or rights, are generally insufficient to justify imposition of the exclusionary rule"); *United States v. Chaar*, 137 F.3d 359, 361 (6th Cir. 1998). The violation alleged here is of a state rule of criminal procedure. Such rule, moreover, relates to events that happened after the search and seizure had been completed. Any noncompliance with the requirement that the officers return the warrant to the court and file it and an inventory did not affect any of the privacy interests protected by the Fourth Amendment.

Violation of Rule 41 of the Federal Rules of Criminal Procedure does not give rise to suppression. *Ware*, 161 F.3d at 424-25. That being so, there is no basis for suppression in this federal proceeding on the basis of a violation of a state rule of procedure.

**B. Motions to Dismiss.**

In his motions to dismiss, the defendant alleges: 1) prejudicial delay in the return of the indictment; and 2) lack of a chain of custody re: the post-seizure handling of the guns found in the defendant's premises.

**1. Pre-Indictment Delay**

The defendant claims that the indictment in this case was returned about six months after the search that uncovered the firearms. In the interim, he alleges, the owner of the firearms has left Toledo and is not available as a witness. His testimony, he suggests, would be exculpatory.

To obtain dismissal of an indictment on the basis of pre-indictment delay, a defendant must show that the delay was "an intentional device to gain tactical advantage" and the delay resulted in substantial prejudice. *United States v. Marion*, 404 U.S. 307, 334 (1971).

Investigative delay is "fundamentally" different than delay to gain tactical advantage. *United States v. Lovasco*, 431 U.S. 783 (1977); *United States v. Atisha*, 804 F.2d 920, 926 (6th Cir. 1986) (stating that investigative delay does not deprive a defendant of due process, even if defendant is slightly prejudiced by delay); *see also United States v. Rogers*, 118 F.3d 466, 477 (6th Cir. 1997) (permitting a delay of two years even though co-defendant and possible exculpatory witness had died in the intervening time).

The delay here was so that government officers with the ATF could investigate the case. The defendant has presented no evidence that the purpose of the delay was to gain tactical advantage.

Even more, the defendant cannot show that the delay substantially prejudiced him. A subpoena to compel the attendance of a witness can be served anywhere in the country. Fed. R. Crim. P. 17(a), (e) (describing the procedure for compelling attendance of a witness at a criminal

trial); *see also State v. Rice*, 1991 WL 97412, at *8 (same, only for Ohio state courts). Thus, the departure of the alleged owner does not mean that he cannot be caused to appear for trial.

Even if the putative owner could not be located, or if located and appeared [or brought before the court], would not testify, that does not cause prejudice to the defendant. Possession, not ownership is the gravamen of the offenses with which he stands charged. One may possess a firearm regardless of its ownership. *United States v. DeJohn*, 368 F.3d 533, 545 (6th Cir. 2004), *United States v. Bonds*, 983 F.2d 1069 (6th Cir. 1992). It is no defense to a charge of unlawful possession of a firearm that the weapon belonged to someone else. *DeJohn*, 368 F.3d at 545 (stating that "[o]ne may possess a firearm regardless of its ownership").

Thus, any delay in the indictment's return, even if it could be viewed as unreasonable [which is not, in my view, the case], could not have caused the prejudice that the defendant attributes to such delay. He is not, accordingly, entitled to dismissal of the indictment on the basis of pre-indictment delay.

### 2. Chain of Custody

The defendant contends that alleged defects in the chain of custody in the handling of the firearms justify dismissing the indictment.

Chain of custody is an evidentiary issue. *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990). Evidence is admissible even if gaps in the chain exist. *United States v. Kinnard*, 1992 WL 162558, *3 (6th Cir. 1992). Such gaps, if shown and not explained, go to weight, not admissibility. *Levy*, 904 F.2d at 1030.

The defendant has not cited, and this court is not aware of any case or cases holding that a possible inability to construct a seamless chain of custody entitles a defendant to dismissal before the government has offered its proof.

The defendant's motion to dismiss on the basis of anticipated chain of custody problems shall be overruled.

**Conclusion**

For the foregoing reasons, it is

ORDERED THAT:

1. The defendant's motions to dismiss be, and the same hereby are overruled; and

2. The defendant's motion to suppress is overruled with regard to all his claims except claim that the warrant was procured on the basis of information obtained during an unlawful entry into his residence. An evidentiary hearing is scheduled for January 12, 2006 at 8:30 a.m.

So ordered.

                                                s/James G. Carr
                                                James G. Carr
                                                Chief Judge